## M. Zimmerman Co. *v.* Goldberg, Appellant.

*Principal and surety—Bond of agent — Settlement by agent — Words and phrases—"Settled."*

In an action on a bond of a sales agent, where the bond provides that the agent shall faithfully perform his duties as such, and when required pay over and deliver to plaintiff all money, goods and chattels in his possession as such agent, an affidavit of defense is sufficient which avers that the agent settled weekly with the manager of the plaintiff company, naming him, and that when he was discharged an account of the stock in his possession was taken by the manager and the agent, and the merchandise there found to be in his possession was found to be correct and complete, and that the account was then settled by the agent delivering to the manager all the merchandise in his possession.

The word "settled" may be defined as meaning "To liquidate or to pay, as a debt," and, "To meet one's pecuniary obligation fully; pay one's bill."

Argued Nov. 20, 1917. Appeal, No. 51, Oct. T., 1917, by defendant, from order of C. P. Del. Co., March T., 1916, No. 176, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of M. Zimmerman Company v. Samuel Goldberg. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John E. McDonough,* for appellant.

*Howard E. Hannum,* with him *A. A. Cochran,* for appellee.

OPINION BY WILLIAMS, J., March 2, 1918:

Plaintiff declared against Goldberg on a joint and several bond for $300, executed by Goldberg and Uniman, averring that Uniman failed to perform the condition of the bond which was that as Uniman was employed as agent for plaintiff, to be entrusted with its goods and money, he should faithfully perform his duties as such, and when required pay over and deliver to plaintiff all money, goods and chattels in his possession as such agent.

The affidavit of defense avers, inter alia, that "Uniman settled weekly with......the outside manager of the plaintiff company and at or about the 11th day of December, 1915, when the said Harry Uniman was discharged from the employ of the plaintiff company, an account of the stock in his possession was taken by the said J. Halberman and the said Harry Uniman and the merchandise there found to be in his possession was found to be correct and complete, the account was then settled by the said Harry Uniman delivering to the said J. Halberman all the merchandise in his possession."

The court entered judgment for want of a sufficient affidavit of defense, holding that "settlement" did not mean "payment," but "ascertainment," and so there was no allegation that the condition of the bond was satisfied.

We think the court below put too narrow a construction upon the word. The Standard Dictionary gives as two meanings of "settled": "To liquidate or to pay, as a debt," and "To meet one's pecuniary obligation fully; pay one's bill." The affidavit sufficiently averred that the condition of the bond had been performed.

The judgment is reversed and a procedendo awarded.